
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-127

| | |
|---|---|
| | **Opinion Delivered** December 17, 2014 |
| ELIZABETH McCLELLAN | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, |
| APPELLANT | FORT SMITH DISTRICT [No. CR-2012-979] |
| V. | HONORABLE STEPHEN TABOR, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Elizabeth Jeannette McClellan appeals the sentencing order entered by the Sebastian County Circuit Court finding her guilty of theft by deception. She was ordered to serve a six-year suspended sentence and pay restitution, fines, court costs, and fees. On appeal, McClellan challenges the sufficiency of the evidence supporting her conviction. We affirm.

At trial, Andrea Moore testified that she and McClellan were friends. McClellan, who had previously stated that she had taken tax-preparation courses in California, offered to prepare Moore's 2010 tax return. Moore agreed. McClellan prepared the return, and Moore subsequently received a refund. Moore testified that McClellan did not ask to be paid, but she treated McClellan to dinner.

McClellan also prepared Moore's 2011 return. Moore testified that McClellan did not give her (Moore) the opportunity to review the return; she was just told to sign the last page. Moore stated that she signed the return without reviewing it because she trusted McClellan and because

SLIP OPINION

she had prepared the 2010 return without any problems. Moore said that she told McClellan that she (Moore) preferred a refund check, but McClellan said it would be better to have the refund deposited directly into Moore's bank account. Moore agreed and gave her account information to McClellan. McClellan told Moore the refund would be approximately $5200.

Moore received her refund on March 21, 2012. It was $3346. Moore called McClellan to question the amount of the refund, and McClellan said that she would check into it. When Moore did not hear back, she reached out to McClellan, but she was evasive. A couple of weeks later, Moore received a letter from the IRS stating that, due to mistakes on the return, the requested refund amount of $8135 had been adjusted to $6181. The letter continued by stating that $3346 of the $6181 refund had been deposited into Moore's account and that the remaining $2835 had been deposited into another account, which was unknown to Moore. After receiving the IRS letter, Moore called McClellan reporting that the refund had been deposited into two accounts. McClellan said that she did not know why that happened and that she would "figure it out." Moore did not hear back from McClellan.

Thereafter, Moore took the IRS letter to the local IRS office, where she received printouts of the account information where the refund was deposited. Very upset, Moore called McClellan once again, advising that she had been to the IRS office. McClellan was furious, telling Moore that she had trust issues and that McClellan said she would take care of it. When Moore pressed McClellan, she said that she put part of the refund into an interest-bearing account for Moore's benefit and that they could go to the bank and transfer the funds into

SLIP OPINION

Moore's account. Moore gave McClellan the opportunity to meet at the bank to transfer the funds, but McClellan refused.

On April 24, 2012, Moore and her fiancé went to McClellan's home and asked her to go to the bank. McClellan said she needed to shower; Moore said that they would wait. McClellan became belligerent, words were exchanged, and they did not go to the bank.

In May 2012, Moore received a copy of her 2011 return. The refund requested was $8135. The return requested that $2835 of the refund be deposited directly into the unknown bank account. Moore testified that the return listed three men as her dependent brothers who were not related to her or dependent on her. Moore said that she never discussed splitting her refund with McClellan and did not give her permission to deposit any portion of the refund in her account or any other separate account. Moore said that she did not agree to pay McClellan for preparing the 2011 return and that McClellan never asked to be paid. Finally, Moore testified that McClellan had not repaid the money.

The branch manager at Regions Bank, Karen Elaine Nye, testified that the unknown account information was in the name of Elite Custom Computers. One of the co-owners of that account was McClellan. According to Nye, on March 21, an electronic transfer from the U.S. Treasury, labeled as a tax refund for Moore, was made into the account in the amount of $2835.

Fort Smith Police Officer Barbara Williams interviewed McClellan. The officer testified that McClellan said she had written permission from Moore to have part of the refund deposited into her (McClellan's) account; however, McClellan did not provide it to Williams. McClellan also told the officer that she was holding the money for Moore because she was being abused

SLIP OPINION

by her fiancé. Officer Williams met with Moore and confirmed there was no abuse. Officer Williams also reviewed the tax return and the Regions account documents. Thereafter, she contacted McClellan to set up another interview, but McClellan said to stop harassing her and hung up.

At the conclusion of trial, the jury convicted McClellan of theft by deception, and this appeal followed. The sole argument on appeal is that the evidence is insufficient to support her conviction. Specifically, she argues that there was insufficient evidence to establish that she had the intent to defraud Moore. Rather, the evidence showed that Moore agreed to the manner in which McClellan prepared the tax return, but that she changed her mind when the IRS reduced the amount of the refund and Moore received less than she expected.

Our supreme court has held that when a challenge is made to the sufficiency of the evidence on appeal, we will affirm the conviction if there is substantial evidence to support it. *McEntire v. State*, 363 Ark. 473, 476, 215 S.W.3d 658, 660 (2005). In examining the evidence, we view it in the light most favorable to the State and consider only that evidence supporting the verdict. *Id.*, 215 S.W.3d at 660. Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*, 215 S.W.3d at 660.

A person commits theft by deception when she knowingly obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a)(2) (Supp. 2011). An individual acts knowingly when she is aware of the nature of her conduct or of the attendant circumstances of her actions, or when

4

she is aware that it is practically certain that her conduct will cause the result. Ark. Code Ann. § 5-2-202(2) (Repl. 2006). Further, "deception" is defined as preventing another person from acquiring information that would affect her judgment of a transaction, and alternatively as employing any scheme to defraud. Ark. Code Ann. § 5-36-101(3)(A)(ii), (v) (Repl. 2006).

With these definitions in mind, we hold that substantial evidence supports McClellan's theft-by-deception conviction. The evidence demonstrates that when McClellan prepared the 2011 return, she inflated the amount of the refund by claiming dependents that Moore did not have. The refund requested on the return was $8135; however, McClellan told Moore to expect a refund of $5200. Without Moore's permission, McClellan arranged for $2835 of the refund to be deposited into an account that Moore was unfamiliar with and that was owned by McClellan.[1] Other evidence showed that based on their friendship Moore trusted McClellan to prepare the 2011 tax return, which is why Moore did not question McClellan when she showed Moore only the signature page of the return. Based on these facts, the jury could have concluded that McClellan schemed to defraud Moore by inflating the 2011 refund amount to $8135, telling Moore to expect the lesser amount of $5200, and then taking the difference by secretly diverting it to an account under her control.

McClellan argues that Moore originally agreed to have McClellan direct a portion of the refund into a separate account but changed her mind when the refund was reduced by the IRS. However, the evidence presented to the jury demonstrated that Moore did not agree to have any of her refund deposited into any other account, McClellan was not forthcoming with

[1]The difference between $8135 and $2835 is $5300—just over the amount Moore was told to expect for her refund.

SLIP OPINION

information about the separate account despite Moore's multiple inquiries, and McClellan refused to return the money despite Moore's multiple requests. This is substantial evidence that supports the jury's conclusion that McClellan knowingly obtained the property of another by deception. Accordingly, we affirm the theft-by-deception conviction.

Affirmed.

HARRISON and BROWN, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

